**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Gustavo VILLARREAL, Defendant–Appellant.**

**No. 07–40718**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

David Almaraz, Law Office of David Almaraz, Laredo, TX, for Defendant–Appellant.

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Gustavo Villarreal appeals the 188–month sentence following his guilty plea conviction for conspiracy to possess with intent to distribute over five kilograms of cocaine. He contends that he was entitled to a downward departure for substantial assistance and that the Government's failure to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines revealed bad faith. Villarreal also contends that his within-Guidelines sentence is unreasonable.

Villarreal was not entitled to a Section 5K1.1 motion. He has neither established that the Government negotiated away its discretion to choose not to file a motion, nor that the Government's failure to file a motion was based on an unconstitutional motive. *See United States v. Aderholt,* 87 F.3d 740, 742–43 (5th Cir.1996). Villarreal has not even shown that he did actually provide substantial assistance. *Id.*

Villarreal's unreasonable-sentence argument also fails. Villarreal has not established procedural error in the district court's sentencing process. *See Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Nor has he established that the district court abused its discretion by imposing a sentence within the applicable Guidelines

---

range, which is presumptively reasonable. *See United States v. Cisneros–Gutierrez,* 517 F.3d 751, 766 (5th Cir.2008).

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.